**WO**                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Andrew Gracia, | No. CV 10-8220-PCT-GMS (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On November 15, 2010, Petitioner Mark Andrew Gracia, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The $5.00 filing fee has been paid. The Court will require an answer to the Petition.

**I.     Petition**

Named as Respondent in the Petition is Charles L. Ryan. The Attorney General of the State of Arizona is named in the Petition as an Additional Respondent.

In his Petition, Petitioner challenges his judgment of conviction in the Coconino County Superior Court on April 18, 1985, in matter #10863, for (Count 1) First Degree Burglary, (Counts 2, 3, 4, and 5) Sexual Assault, and (Count 6) Kidnapping. Petitioner alleges that he was sentenced to a 71.75-year term of imprisonment.

Petitioner presents five grounds in the Petition in support of his request for habeas

**TERMPSREF**

relief:

    (1)    "The trial court erred when [P]etitioner's testimony denied him the right to present his defense";

    (2)    "The trial court erred by allowing improper impeachment and in not giving a limiting jury instruction";

    (3)    "The trial court erred by allowing voice identification testimony without a Desureault Hearing;"

    (4)    "Petitioner was denied the effective assistance of trial and appellate counsel"; and

    (5)    "Petitioner was wrongfully convicted."

Petitioner affirmatively alleges that he has presented the issues in Grounds One, Two, Three, and Four to the Arizona Supreme Court. Petitioner fails to indicate whether or not he has presented the issue in Ground Five to the Arizona Court of Appeals or the Arizona Supreme Court. However, even if Petitioner has not properly exhausted Ground Five in the state courts as required, it also appears that Petitioner may now be procedurally barred from seeking review in the state courts, and therefore, no additional state remedies remain open to him. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required.

## II.    Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner

1  must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
2  comply may result in the filing being stricken without further notice to Petitioner.

3  **C.  Possible Dismissal**

4  If Petitioner fails to timely comply with every provision of this Order, including these
5  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
6  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
7  comply with any order of the Court).

8  **IT IS ORDERED:**

9  (1)  The Clerk of Court **must serve** a copy of the Petition (Doc. 1) and this Order
10  on the Respondent and the Attorney General of the State of Arizona by certified mail
11  pursuant to Rule 4, Rules Governing Section 2254 Cases.

12  (2)  Respondents **must answer** the Petition within 40 days of the date of service.
13  Respondents must not file a dispositive motion in place of an answer but may file an answer
14  limited to relevant affirmative defenses, including but not limited to, statute of limitations,
15  procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
16  those portions of the record relevant to those defenses need be attached to the answer.
17  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
18  defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative
19  defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
20  Governing Section 2254 Cases.

21  (3)  Petitioner **may file** a reply within 30 days from the date of service of the
22  answer.

23  (4)  This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules
24  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
25  recommendation.

26  DATED this 11th day of January, 2011.

27  *H. Murray Snow*
    _____
28  G. Murray Snow
    United States District Judge