IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Andrew Gracia,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 10-8220-PCT-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 filed by Petitioner Mark Andrew Gracia. Doc. 1. Following a jury trial in 1985 in the Coconino County Superior Court, Petitioner was convicted of six offenses including one count of burglary, one count of kidnaping and four counts of sexual assault. Doc. 11, Exh. B. On May 15, 1985, Petitioner was sentenced to a total of 71.75 years in prison. Doc. 11, Exh. B; Doc. 1 at 2.

Petitioner subsequently filed a direct appeal in the Arizona Court of Appeals. Doc. 1 at 3; Doc.11, Exh. D at 2. In a memorandum decision filed on March 4, 1986, the Court of Appeals affirmed Petitioner's convictions and sentences. Id. On March 19, 1986, Petitioner filed a Petition for Review in the Arizona Supreme Court, which was denied on May 28, 1986. Doc. 1 at 3.

1  On July 29, 1987, Petitioner filed a Petition for Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 11, Exh. D at 2. The trial court appointed counsel to represent Petitioner in the post-conviction proceedings and an amended petition was filed. Doc. 11, Exh. D at 2. The trial court summarily denied relief and denied a subsequent motion for rehearing. Doc. 11, Exh. D at 3-4. Following a Petition for Review to the Arizona Court of Appeals, the Court granted review but denied relief on October 27, 1988. Doc. 11, Exh. C, D. Petitioner then sought review in the Arizona Supreme Court, which also granted review but denied relief on February 7, 1989. Doc. 12, Exh. F at 1.

Through counsel, Petitioner filed a second Petition for Post-Conviction Relief on December 31, 1998. Doc. 12, Exh. E. In a Minute Entry dated March 22, 1999, the trial court denied relief. Doc. 12, Exh. G. A subsequent Petition for Review in the Arizona Court of Appeals was denied on March 22, 2000. Doc. 12, Exh. H, I.

On November 15, 2010, Petitioner filed his habeas petition in this court. Petitioner raises five grounds for relief. In ground one, Petitioner alleges that the trial court erred when it limited his trial testimony regarding a possible alibi, thus denying him the right to present a defense. In ground two, Petitioner alleges that the trial court erred by allowing improper impeachment evidence and not giving a limiting instruction. In ground three, Petitioner alleges that the trial court erred by allowing voice identification testimony without first holding a pretrial hearing to determine the reliability of the identification. In ground four, Petitioner alleges that he was denied the right to effective assistance of trial and appellate counsel. Lastly, in ground five, Petitioner alleges that he was wrongfully convicted based on an accumulation of errors. On May 4, 2011, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus. Doc. 11. Petitioner then sought an extension of time to file a reply, which the court granted. Instead of filing a reply, however, Petitioner filed a Motion to Request Stay. Doc. 17. Petitioner asks the court to stay the case for six months until he is transferred to a different facility where it is easier to file legal documents. No response to the motion has been filed.

**DISCUSSION**

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Based on the discussion below, the court finds that the habeas petition is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1).[1] The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, any such petitions had to be filed by April 24, 1997. Id.

---

[1] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

- 3 -

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

**B.    Application**

Petitioner's judgment of conviction became final in 1987 after the to time to file a petition for writ of certiorari expired following the Arizona Supreme Court's decision on May 28, 1986, denying relief. Because the judgment of conviction became final long before the effective date of the AEDPA, Petitioner's habeas petition was due on or before April 24,

1997, the end of the one-year grace period. Petitioner filed his habeas petition on November 15, 2010, more than 13 years after the deadline. Petitioner's only filing near the statute of limitations deadline was his second petition for post conviction relief, filed on December 31, 1998. Because the limitations period had already expired, however, the petition did not toll or otherwise have any impact on the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Having failed to file a reply, Petitioner fails to address Respondents' arguments regarding the statute of limitations. Moreover, Petitioner has presented nothing to warrant the application of equitable tolling in this case. The court therefore finds that the habeas petition is untimely.

**C.     Motion to Stay**

Petitioner argues in his motion to stay that his habeas case should be stayed because of the difficulty he has had submitting filings to the court. The court, however, granted Petitioner an extension of time to file a reply but he chose instead to file the Motion to Request Stay (Doc. 17) and a Notice (Doc. 18), both of which the court received. Petitioner has not provided a valid basis to delay consideration of this case. The court will therefore recommend that the motion be denied.

**D.     Conclusion**

The judgment of conviction in this case became final before the AEDPA was enacted, thus requiring the application of the one-year grace period. Petitioner, however, failed to file his habeas petition within the required time period and the petition is therefore barred. As a result, the court will recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Motion to Request Stay (Doc. 17) be **DENIED**; and

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties shall have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 22nd day of August, 2011.

_____
Edward C. Voss
United States Magistrate Judge