1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Andrew Gracia, | No. CV-10-8220-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Mark Andrew Gracia, (Doc. 1) and a Motion for a Stay. (Doc. 17). Magistrate Judge Edward C. Voss has issued a Report and Recommendation ("R & R") recommending that the petition be denied as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 19). Petitioner has filed objections to the R & R. (Doc. 20). Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court adopts the recommendations and denies the Petition.

## BACKGROUND

In 1985, Petitioner was convicted by a jury of burglary, kidnaping, and four counts of sexual assault in violation of A.R.S. § 13-1508 (1980), A.R.S. § 13-1406 (1982), and A.R.S. § 13-1304 (1978). (Doc. 11, Ex. B). Finding that the crime was repetitive and

considering a number of aggravating factors, including the especially heinous, cruel or depraved manner in which the offense was committed, Judge H. Jeffrey Coker sentenced Petitioner to 71.75 years in state prison. (*Id.*). Upon appeal, the Court of Appeals affirmed his conviction on March 4, 1986, and the Arizona Supreme Court denied review on May 28, 1986. (Doc. 1 at 3).

Petitioner, through appointed counsel, filed a Rule 32 petition in state court, which was summarily denied. He then filed a motion for rehearing, alleging that 1) the trial court judge should have disqualified itself from the Rule 32 proceeding, 2) his trial attorney should have requested a hearing regarding voice identification evidence pursuant to *State v. Dessureault*, 104 Ariz. 380, 453 P. 2d 951 (1969), and that failure to do so constituted ineffective assistance, 3) the police failed to preserve evidence properly, 4) Petitioner should have had an expert witness appointed to assist at the Rule 32 proceeding, and 5) Petitioner's attorney was ineffective for failing to request the assistance of a forensic expert. (Doc. 11, Ex. D at 3). The Court of Appeals granted review but denied relief on October 27, 1988. (Doc. 11, Ex. D). The Supreme Court also granted review, but denied relief on February 7, 1989. (Doc. 12, Ex. F at 1).

On December 31, 1998, Petitioner filed a second Rule 32 petition, alleging that the Supreme Court's ruling in *Batson v. Kentucky*, 476 U.S. 79 (1986) should be applied retroactively to his case because his defense attorney, at trial, moved for a mistrial based upon the fact that the prosecutor had used peremptory strikes to eliminate all minority jurors. (Doc. 12, Ex. E). The petition was denied by Judge Coker on March 22, 1999. (Doc. 12, Ex. G). Petitioner sought review, arguing that while "the Supreme Court has held that *Batson* is not retroactive in the federal courts," Arizona state courts had not yet visited the issue, and the fact that counsel had anticipated the ruling in *Batson* with a timely objection justified retroactive application "under the unique facts here." (Doc. 12, Ex. H.). The Court of Appeals denied review on March 22, 2000. (Doc. 12, Ex. I).

On November 15, 2010, Petitioner filed a habeas petition in federal court. (Doc. 1). In it, he alleges five grounds for relief, namely that 1) the trial court erred when it limited his

1 trial testimony, preventing him from implicating another in the crimes and explaining why
2 his fingerprints were on the victim's windows and his wedding ring was found in her
3 bedroom at the scene of the assault, 2) the trial court erred by allowing statements that had
4 been excluded pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) to be used to impeach
5 Petitioner's testimony, 3) the trial court erred by allowing voice identification testimony
6 without a *Desureault* hearing, 4) Petitioner was denied effective assistance of counsel, and
7 5) he is actually innocent and entitled to relief under *Schulp v. Delo*, 513 U.S. 298 (1995).
8 Respondents filed a limited answer on May 4, 2011, claiming that the petition is untimely
9 under AEDPA. (Doc. 11). Petitioner sought and received an extension of time to write a
10 reply, and then filed a motion for a stay on July 7, 2011, detailing the difficulties he has had
11 in prison obtaining legal reference materials and filing pleadings. (Doc. 17). Magistrate Judge
12 Voss issued his R & R on August 22, 2011, recommending that the petition be denied as
13 untimely, and Petitioner filed objections on September 6, 2011. (Docs. 19–20).

**DISCUSSION**

**1.     Legal Standard**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244–54 "establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). The limitation period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)). This one-year limitation period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999). Those prisoners whose convictions became final before April 24, 1996 had a one-year grace period in which

to file their petitions. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *See Holland v. Florida*, 130 S. Ct. 2549, 2590 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent his timely filing. *Pace*, 544 U.S. at 418. Nevertheless, equitable tolling is rare: the Court must "take seriously Congress's desire to accelerate the federal habeas process" and may equitably toll the AEDPA's limitation period only when the test's "high hurdle is surmounted." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998).

**2.    Analysis**

Petitioner's conviction became final upon "the expiration of the time for seeking such review" of the Arizona Supreme Court's denial of his conviction. *White*, 281 F.3d at 923. For the purposes of AEDPA, the statute of limitations would have been tolled during the period in which he sought review through a Rule 32 petition in state court. Since that process itself concluded before AEDPA's operational date, his claim was subject to AEDPA's one-year grace period, which expired in April of 1997. *Patterson*, 251 F.3d at 1245. Petitioner claims in his objections that in 1996, when AEDPA became operational, he was diagnosed with ulcerative colitis, and was "in what was his potential death bed due to lack of medical treatment." (Doc. 20). Even if Petitioner's illness qualified as "some extraordinary circumstance [that] stood in his way" in 1996, *Pace*, 544 U.S. at 418, he was evidently sufficiently recovered to file a petition in state court in 1998, though he chose not to file a federal petition at that time. More than thirteen years passed between April of 1997, when his grace period expired, and November of 2010, when he filed his federal habeas petition. Petitioner makes no effort to explain why this entire period should be tolled because of his 1996 illness, nor does he present evidence that "he has been pursuing his rights diligently" during that period. *Pace*, 544 U.S. at 418. Equitable tolling is unavailable to render the petition timely.

1    Nor does Petitioner's reliance on *Schlup v. Delo*, 513 U.S. 298 (1995) serve to excuse his untimeliness. In *Schlup*, Justice O'Connor wrote that "[t]he Court holds that, in order to have an abusive or successive habeas claim heard on the merits, a petitioner who cannot demonstrate cause and prejudice must show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence." *Schlup*, 513 U.S. 298, 332 (O'Connor, J. concurring). *Schlup* offers what the Court described as a "gateway" by which untimely or procedurally defaulted constitutional claims could be heard on the merits. *Id.* at 315. Petitioner provides no new evidence of innocence, but claims instead that had unfavorable evidence (such as his suppressed statements and the victim's testimony as to recognizing his voice) been suppressed, no reasonable juror would have found him guilty. The Court of Appeals, in its original denial of Petitioner's appeal, wrote that "the evidence presented against appellant in the case-in-chief was overwhelming." (Doc. 12, Ex. D at 9). Even were the suppression of evidence to render the case less convincing, *Schlup* would not excuse Petitioner's untimeliness. The petition is therefore denied.

Petitioner's motion for a stay is equally unconvincing. (Doc. 20). Even granting that the current conditions of Petitioner's confinement make researching and filing briefings regarding his petition challenging, Petitioner has offered no reason, beyond his 1996 illness, that his untimely filing can be excused by equitable tolling or some other remedy. Since his petition is untimely, granting him further time to conduct legal research on the merits would be to no avail. Petitioner's motion is therefore also denied.

## CONCLUSION

Petitioner filed his habeas petition more than thirteen years after the grace period provided by AEDPA for those whose cases became final prior to AEDPA's operational date, and is therefore untimely. He has provided no adequate grounds upon which the deadline could be statutorily or equitably tolled. Since the petition is untimely, further stays would be of no avail to Petitioner, and his motion for a stay is also denied.

**IT IS THEREFORE ORDERED**:

1. Magistrate Judge Voss's R & R (Doc. 19) is **ACCEPTED**.

2. Petitioner's Motion to Request Stay (Doc. 17) is **DENIED**.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

4. The Clerk of Court shall **TERMINATE** this action.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 7th day of December, 2011.

G. Murray Snow
United States District Judge